IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2021

## STATE OF TENNESSEE v. HOMER ALSON MADDIN, III

**Appeal from the Criminal Court for Davidson County**
**No. 2003-A-393     Steve R. Dozier, Judge**
_____

**No. M2020-00795-CCA-R3-CD**
_____

A jury convicted the Defendant, Homer Alson Maddin, III, of four counts of aggravated rape in 2004, and the trial court sentenced him to concurrent terms of twenty-five years in confinement. After discovering in 2020 that it mistakenly marked the Defendant as a violent offender rather than a multiple rapist on the judgment forms in counts two through four, the trial court entered an order amending the judgment forms under Tennessee Rule of Criminal Procedure 36. On appeal, the Defendant argues that the trial court failed to provide proper notice under Rule 36 and that his classification as a violent offender was not a clerical error. After review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Homer Alson Maddin, III, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

In 2004, a Davidson County jury convicted the Defendant of four counts of aggravated rape. *State v. Maddin,* 192 S.W.3d 558, 559 (Tenn. Crim. App. 2005). Following a sentencing hearing, the trial court imposed four concurrent terms of twenty-

five years in confinement. *Id.* The judgment forms reflect that the Defendant's release eligibility was marked "Violent 100%" in each of the four counts. *See* T.C.A. § 40-35-501(i)(1)-(2). On appeal, a panel of this court affirmed the Defendant's convictions and sentences, but it did not review whether the Defendant was properly classified as a violent offender. *Maddin*, 192 S.W.3d at 563. The Defendant then filed a petition for post-conviction relief, contending on grounds unrelated to the issues presented in this appeal that he received ineffective assistance of trial and appellate counsel. *Homer Alson Maddin, III, v. State*, No. M2007-02708-CCA-R3-PC, 2008 WL 4735497, at *1 (Tenn. Crim. App. Oct. 27, 2008). The post-conviction court denied the Defendant relief, and this court affirmed the post-conviction court's decision on appeal. *Id.* at *1, 7.

On February 6, 2020, the Defendant filed a pro se "Motion for Enforcement/Clarification of Judgment Order," in which he asserted that the Tennessee Department of Correction ("TDOC") improperly increased his effective release date. Correspondence between the TDOC and the Defendant reflects that in January of 2019, the TDOC flagged three of the Defendant's sentences as incorrect because it concluded he should have been sentenced under a "Multiple Rapist" release eligibility classification by statute in the latter three of his four aggravated rape convictions. The TDOC removed the application of sentence reduction credits from counts two through four, in which it considered him a multiple rapist, which resulted in an increase in the Defendant's effective release date. *See* T.C.A. 39-13-523(b) (2003) ("[A] multiple rapist . . . shall be required to serve the entire sentence imposed by the court, undiminished by any sentence reduction credits the person may be eligible for or earn."); T.C.A § 40-35-501(i)(1) (2003) (requiring that there be no release eligibility for violent offenders and that those offenders "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. . . ."). The Defendant requested the trial court to compel the TDOC to reapply the sentence reduction credits to his sentence by enforcing the original judgments or entering amended judgments clarifying his classification as a violent offender.

In a written order, the trial court found that it had no authority to compel the TDOC to reapply the sentence reduction credits, and it denied the Defendant's motion on that ground. The trial court also found that it had mistakenly marked the Defendant as a violent offender for release eligibility purposes on the judgment forms in counts two through four, found that he should have been classified as a multiple rapist in those counts by statute, and ordered corrected judgments to be entered pursuant to Tennessee Rule of Criminal Procedure 36. The trial court's order was entered on February 25, 2020, and corrected judgments in counts two, three, and four were entered on February 28, 2020. The Defendant filed a notice of appeal on June 5, 2020, from the trial court's order.

# ANALYSIS

## I. Waiver

We briefly address the timeliness of the Defendant's notice of appeal to consider the State's argument that we should dismiss his appeal because he failed to file the notice within thirty days of the trial court's order. Tennessee Rule of Appellate Procedure 4(a) states,

> In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the timely filing of such document may be waived in the interest of justice.

"'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO-2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb.13, 1996)). The trial court's entry of its order on February 25, 2020, required the Defendant to file his notice of appeal within thirty days. *See* Tenn. R. App. P. 4(a). The Defendant filed the notice of appeal on June 5, 2020.

After the appellate briefing concluded, the Defendant filed a motion to waive timely filing of the notice of appeal. The Defendant cites to the Tennessee Supreme Court's March 25, 2020 "ORDER CONTINUING SUSPENSION OF IN-PERSON COURT PROCEEDINGS AND EXTENSION OF DEADLINES," which extended filing deadlines expiring between Friday, March 13, 2020, and Tuesday, May 5, 2020, to Wednesday May 6, 2020, due to the COVID-19 pandemic. *In Re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 25, 2020). The Defendant alleges that during the time period of May 5, 2020, through June 4, 2020, he did not have access to legal materials or the library to complete the filing of his notice of appeal. Because of these circumstances, the Defendant requests this court to waive the thirty-day filing requirement set forth in Rule 4. After careful review of the circumstances under which the Defendant failed to

timely file his notice of appeal, we conclude that the interest of justice mandates waiver and that the timely filing of the Defendant's notice of appeal is hereby waived. *See Rockwell*, 280 S.W.3d at 214 (citing *Michelle Pierre Hill*, 1996 WL 63950, at *1).

## II. Clerical Errors

On appeal, the Defendant claims that the trial court failed to provide him with proper notice under Rule 36 before correcting his judgment forms and that the court erroneously considered the errors clerical mistakes. The State responds that the Defendant had notice of the errors because he alerted the trial court to the TDOC's decision to consider him a multiple rapist and that the trial court properly corrected the judgment forms as clerical errors under Rule 36 because the record shows the Defendant should have been sentenced as a multiple rapist. We agree with the State that the Defendant was properly noticed and that the trial court properly corrected the judgments.

"We review a trial court's ruling on a Rule 36 motion under an abuse of discretion standard." *State v. Jeffery Siler*, No. E2020-00468-CCA-R3-CD, 2020 WL 6130919, at *3 (Tenn. Crim. App. Oct. 19, 2020), *perm. app. denied* (Tenn. Feb. 4, 2021) (citing *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014)). Tennessee Rule of Criminal Procedure 36 states in relevant part that, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. . . ." The parties dispute whether the trial court provided proper notice to the Defendant before correcting the judgment forms, and the Defendant cites to *State v. Andre Cabrere*, No. W2019-02093-CCA-R3-CD, 2020 WL 5230593 (Tenn. Crim. App. Sept. 1, 2020), *no perm. app. filed*, in support of his position. In *Andre Cabrere*, the trial court amended some of the defendant's judgments *sua sponte* under Rule 36 to remove pretrial jail credits nearly six years after the defendant entered pleas of guilt. *Id.* at *1. A panel of this court reversed the trial court's decision and remanded for further proceedings, in part, because its total lack of notice to the defendant prevented him from making a record regarding whether the pretrial jail credits were "part of the negotiated plea agreement." *Id.* at *3. The circumstances in the present case, in which the Defendant was first notified by the TDOC that he was erroneously classified as a violent offender rather than a multiple rapist and in which he subsequently sought relief with the trial court with supporting documentation, are materially different than those underlying our decision in *Andre Cabrere*. The appellate record clearly shows the Defendant was noticed that there were errors in his judgment forms, and we conclude that he is not entitled to relief on this ground.

We turn to the remaining question of whether the trial court abused its discretion by amending the Defendant's judgment forms in counts two through four under Rule 36.

The Defendant contends that the trial court erred because the record shows the court intended to classify him as a violent offender rather than a multiple rapist in each count and that the court properly did so under the applicable statutes. The Defendant argues that, since the mistake was not clerical in nature, the mistake fell into the ambit of errors the trial court lacked jurisdiction to correct under Rule 36 and which the State should have challenged on direct appeal. *See State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (identifying three categories of sentencing errors: clerical, appealable, and fatal). The State contends that the trial court properly amended the judgment forms because the trial court found that it made a clerical mistake when completing the forms in counts two through four. We agree with the State.

Clerical errors differ from appealable errors and fatal errors in that clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011) (distinguishing between clerical, appealable, and fatal errors in relation to the avenue of relief and the appropriate remedies for sentencing errors). "To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)). "When there is a conflict between the judgment and the transcript of the trial court's statements, the transcript controls." *Id.* (citing *Moore*, 814 S.W.2d at 383). To identify an error as clerical,

> The record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of the supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002) (quoting *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)); *see Andre Cabrere*, 2020 WL 5230593, at *2.

In the present case, the trial court found that it committed a clerical error when completing the judgment forms in counts two through four by marking the Defendant as a violent offender rather than a multiple rapist. At the time of the Defendant's sentencing hearing, a "multiple rapist" was defined as "a person convicted of two (2) or more times of violating the provisions of § 39-13-502 or § 39-13-503, or a person convicted at least one (1) time of violating § 39-13-502, and at least one (1) time of § 39-13-503." T.C.A.

§ 39-13-523(a)(2) (2003). "[A] multiple rapist . . . shall be required to serve the entire sentence imposed by the court, undiminished by any sentence reduction credits the person may be eligible for or earn." T.C.A. § 39-13-523(b) (2003). Therefore, the trial court was required to sentence the Defendant as a multiple rapist in counts two through four because he was convicted of four counts of aggravated rape.

Here, the sentencing hearing transcript reflects that the trial court sentenced the Defendant to serve 100% of his sentence. Although the transcript does not explicitly reflect whether the trial court intended to sentence the Defendant under the violent offender or multiple rapist classification, the same judge who presided over the sentence hearing made a factual finding in the order underlying this appeal that the marks on the judgment forms were clerical errors. This is a determination by the trial judge that he intended to mark the multiple rapist category but inadvertently marked the violent offender category, and the record does not preponderate against this factual finding. *Cf. Cantrell*, 346 S.W.3d at 457 (concluding that the "Multiple 35% Range 2" designation in the defendant's four aggravated rape judgment orders was not clerical error because there was no "evidence demonstrating that the judgment orders conflict[ed] with the sentences actually imposed by the trial court during the sentencing hearing."). Having discovered that the errors were clerical rather than illegal, the trial court in this case properly amended the judgments under Rule 36. Therefore, the trial court did not abuse its discretion by amending the judgment forms in counts two through four to correct the clerical errors. *See State v. Deshaun Emmanuel Brown and Jerome Cardell Holt*, No. M2011-01383-CCA-R3-CD, 2012 WL 6115603, at *12 (Tenn. Crim. App. Dec. 10, 2012) (remanding to the trial court for entry of corrected judgments where the defendants, convicted of multiple counts of aggravated rape, were sentenced as violent offenders rather than multiple rapists); *see also Thomas Braden v. Ricky Bell, Warden*, No. M2004-01381-CCA-R3-HC, 2005 WL 2008200, at *1 (Tenn. Crim. App. Aug. 19, 2005) (remanding to the trial court for correction of a clerical error where the judgment forms for the defendant's three counts of aggravated rape reflected a standard offender classification rather than a multiple rapist classification).

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____

JOHN EVERETT WILLIAMS, PRESIDING JUDGE